MONROE, Judge,
concurring specially.
I agree with Judge Thompson’s opinion; the father’s failure to care for the child for seven years renders him unfit to be the child’s parent now. In addition to the reasons Judge Thompson sets forth for affirming the trial court’s finding that the father is unfit, I believe that the father legally abandoned the child. Therefore, he is not entitled to benefit from the standard established in Ex parte Terry, 494 So.2d 628 (Ala.1986), which favors giving custody of a child to the natural parent. On the contrary, I believe that the presumption in this case is that the father is unable or unwilling to act as a parent.
The Legislature has determined that when a parent has abandoned his child, and the abandonment continues for a period of the six months preceding the filing of the petition to terminate parental rights, there is a rebut-table presumption that the parent is unable or unwilling to act as a parent. § 26-18-7(c), Ala.Code 1975. “Abandonment” is defined as follows:
“(1) Abandonment. A voluntary and intentional relinquishment of the custody of a child by a parent, or a withholding from the child, without good cause or excuse, by the parent, of his presence, care, love, protection, maintenance or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent.”
§ 26-18-3(1), Ala.Code 1975.
The father admitted that he had heard rumors that the child was his. The trial court rejected the father’s testimony that he had no idea he had a child until DHR sought child support payments, saying that it “simply does not believe that testimony.” Instead, the court believed the mother’s testimony that the father was aware the mother was pregnant with his child and had at least two conversations with the mother regarding the child during the mother’s pregnancy. The father never got a blood test to determine paternity; he did not attend the birth of the child; and he made no offer or attempt to pay the expenses incurred from the birth of the child.
Even without the mother’s testimony, we know that the father was aware of rumors that he most likely had a child, yet he did nothing to confirm or deny the rumors or suspicion. He made no attempt to develop a relationship with the child; he gave no love or support to the child; he failed to claim parental rights; and he failed to perform parental duties.
The father abandoned this child eight years ago, and there is no evidence that he did so with good cause or excuse. He gave up the rights of a natural parent years ago. The trial court’s judgment finding the natu *200 ral father unfit and awarding custody of the child to the grandparents is correct.